CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB -1 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Slagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| TASHIBA CARTER, | ) | Civil Action No. 3:19CV00007 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| ESPERANZA, a Supervisor at BMS, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Tashiba Carter, proceeding pro se, commenced this action by filing a form complaint under Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, against three individuals employed by BMS. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

The plaintiff's complaint indicates that she was hired to perform commercial cleaning services for BMS. The plaintiff's supervisor was an individual named Esperanza.* The plaintiff alleges that she was the only one in her group of employees who was "told what to do" by Esperanza, even though the plaintiff "didn't need to be told." Compl. 2, Dkt. No. 2. When the plaintiff complained to Esperanza, the supervisor advised her that the other employees had been working for the company longer and did not require as much instruction. The plaintiff construed

---

* The plaintiff only identifies the defendants by their first names.

Esperanza's comments to suggest that the plaintiff was "stupid." Id. The plaintiff further alleges that Esperanza yelled at her, talked to her in "nasty ways," locked her out of a housekeeping closet, and prevented her from using cleaning supplies. Id.

The plaintiff reported Esperanza's behavior to a manager named Marteen. Thereafter, an area manager named Coretta came by to evaluate one of the buildings in which the plaintiff was working. The plaintiff alleges that Coretta also tried to show her how to do her job. On a subsequent occasion, the plaintiff notified a supervisor that she was going to be late to work. Although the plaintiff was only late by eleven minutes, the supervisor "docked" the plaintiff for being twenty minutes late. Id. 8.

The plaintiff filed a form complaint against Esperanza, Marteen, and Coretta on January 30, 2019, along with a "Dismissal and Notice of Rights" letter from the Equal Employment Opportunity Commission. In response to being asked to state what relief she is seeking, the plaintiff indicates that she "would like to be stress free." Id. 10.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations

2

as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Discussion

As indicated above, Carter filed a form complaint designated for pro se plaintiffs who wish to pursue a claim under Title VII. However, "Title VII does not guarantee a happy workplace, only one free from unlawful discrimination" on the basis of a protected trait. Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997); see also 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"). Because the plaintiff's complaint is devoid of any indication that the plaintiff was treated differently on the basis of her race, color, religion, sex, or national origin, the complaint fails to state a claim under Title VII.

Additionally, even if the plaintiff had alleged sufficient facts to support a viable claim of discrimination, Esperanza, Marteen, and Coretta could not be held individually liable since they are not the plaintiff's "employer" for purposes of Title VII. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that supervisors are "not liable in their individual capacities for Title VII violations").

3

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, her complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 1st day of February, 2019.

/s/ Glen Conrad
Senior United States District Judge